**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03290 JAK (JCGx) | Date | April 25, 2012 |
|---|---|---|---|
| Title | Eric Hairston v. Security National Mortgage Company, et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

In this action, Plaintiff Eric Hairston, who is representing himself, brings four state law claims arising from an alleged November 2000 mortgage to Plaintiff. Plaintiff brings these claims against six defendants. Plaintiff's claims are: (1) breach of contract, implied covenant of good faith and fair dealing; (2) fraud and misrepresentation; (3) usury and misrepresentation; and (4) intentional infliction of emotional distress. Complaint ("Compl"), Dkt. 1.

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Plaintiff seeks to invoke the subject matter jurisdiction of this Court under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction), and 28 U.S.C. § 1343 (civil rights removal jurisdiction).

Federal question jurisdiction exists where a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> A claim arises under federal law within § 1331 if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim.

*Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1142-43 (9th Cir. 2000). None of Plaintiff's state law causes of action arises under federal law, and no federal law that creates a cause of action is a necessary element of any of Plaintiff's claims. Although Plaintiff refers to numerous federal statutes in his Complaint, such as the Civil Rights Act, 42 U.S.C. § 1983, various federal criminal laws, 18 U.S.C. §§ 1341, 1343, and the Federal Reserve Act, 12 U.S.C. § 411, Plaintiff has not brought claims under any of these statutes, and it is unclear how any of these statutes relates to his state law claims. Nor is it clear how Plaintiff's reference to various provisions of the Contract Clause, U.S. CONST. art I, § 10, cl. 1 ("No State shall . . . coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts . . . ."), in any way relates to Plaintiff's state law claims; *see also Allied Structural Steel Co. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV12-03290 JAK (JCGx) | Date | April 25, 2012 |
|---|---|---|---|
| Title | Eric Hairston v. Security National Mortgage Company, et al. | | |

*Spannaus*, 438 U.S. 234, 257 (1978) ("[T]he sole evil at which the Contract Clause was directed was the theretofore rampant state legislative interference with the ability of creditors to obtain the payment or security provided for by contract. The Framers regarded the Contract Clause as simply an adjunct to the currency provisions of Art. I, § 10, which operated primarily to bar legislation depriving creditors of the payment of the full value of their loans. The Clause was thus intended by the Framers to be applicable only to laws which altered the obligations of contracts by effectively relieving one party of the obligation to perform a contract duty."). Thus, Plaintiff has not properly pleaded federal question jurisdiction.

Diversity jurisdiction exists only where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff has satisfied the amount-in- controversy requirement in that he requests damages in excess of $9 million. Compl. ¶¶ 3-8. However, Plaintiff has not properly pleaded his state citizenship. *See* Compl. ¶ 2 ("The Plaintiff in this action is a citizen of the United States."). Additionally, Plaintiff suggests that Defendants are citizens of Utah, California, Iowa, Virginia, and Missouri. Compl. ¶¶ 3-8. If Defendants in fact are citizens of those states, and if Plaintiff himself is a citizen of any of them, then Plaintiff could not rely on diversity jurisdiction, because there would not be "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Thus, Plaintiff has not properly pleaded diversity jurisdiction.

> 28 U.S.C. § 1443 allows the removal to federal court of any state court action
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Because Plaintiff filed this action himself in federal court, he cannot invoke removal jurisdiction. Moreover, § 1443 is interpreted narrowly. A party petitioning for removal under § 1443 must meet a two-part test:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). Here, Plaintiff has not asserted that his civil rights have been violated, nor identified a state law or constitutional provision that directs state courts to ignore his civil rights. Thus, Plaintiff has not properly pleaded civil rights removal jurisdiction.

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, Plaintiff has not pleaded his citizenship, and, therefore, has not established diversity jurisdiction; has not pleaded a cause of action arising under federal law, and, therefore, has not established federal question jurisdiction; and has not removed a state proceeding in which his racial civil rights are violated, and, therefore, has not established civil rights removal

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03290 JAK (JCGx) | Date | April 25, 2012 |
|---|---|---|---|
| Title | Eric Hairston v. Security National Mortgage Company, et al. | | |

jurisdiction. Accordingly, the Court issues this Order to Show Cause Re Subject Matter Jurisdiction. On or before **May 9, 2012**, the parties are to submit any memoranda, each of which is not to exceed five pages, with respect to whether this Court has subject matter jurisdiction over this action. Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is required or if the matter can be addressed by the Court without a hearing.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak